IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| TOMMIE G. PATTERSON,<br><br>    Petitioner,<br><br>vs.<br><br>STATE OF ALASKA,[1]<br><br>    Respondent. | Case No. 3:06-cv-00167-TMB<br><br>ORDER TO SHOW CAUSE |

On July 11, 2006, Tommie G. Patterson, a state prisoner representing himself, filed a petition for habeas corpus, under 28 U.S.C. § 2254, alleging that the State of

---

[1] The **State of Alaska is not a proper respondent** in a petition under 28 U.S.C. § 2254. "Consistent with 28 U.S.C. § 2242, the rules governing relief under section 2254 require [the petitioner] to name the 'state officer having custody' of him as the respondent. ...  Typically, this person is 'the warden of the facility in which the petitioner is incarcerated.'" *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996) (citation omitted). Thus, Mr. Patterson must name his custodian as the respondent, or the petition must be dismissed, because "[f]ailure to name the petitioner's custodian as a respondent deprives federal courts of personal jurisdiction." *Allen v. Oregon*, 153 F.3d 1046, 1050 (9th Cir. 1998) & *Belgarde v. Montana*, 123 F.3d 1210, 1212 (9th Cir. 1997), both quoting *Stanley v. Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994) (the court must "dismiss for lack of jurisdiction unless [the petitioner] can timely amend his petition to name the correct party as respondent").

Alaska failed to preserve the DNA evidence from a 1981 assault for which he was convicted in 1984.[2]

## Limitations Period and Procedural Default

There is a one-year limitations period in which to file a habeas petition under 28 U.S.C. § 2254.[3] Although the "statute of limitations defense ... is not 'jurisdictional,' hence courts are under no *obligation* to raise the time bar [on their own],"[4] the United States Supreme Court recently held "that district courts are permitted, but not obliged, to consider, [on their own], the timeliness of a state prisoner's habeas petition."[5]

Mr. Patterson alleges that the date of his judgment of conviction was October 5, 1984.[6] The one-year limitations statute became effective on April 24, 1996, which means that, if his direct review and any post-conviction proceedings were concluded

---

[2] *See* Docket No. 1.

[3] *See* 28 U.S.C. § 2244(d)(1); *see also, Wixom v. State of Washington*, 264 F.3d 894 (9th Cir. 2001) (state court of appeals' denial of petitioner's motion to modify ruling affirming conviction and sentence was a final order, so that **expiration of the time to appeal** that final order triggered one-year limitations period for filing petition for habeas relief).

[4] *See Day v. McDonough*, 126 S.Ct. 1675 (2006).

[5] *Id.* at 1684 ("Of course, before acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions."). Mr. Patterson has already taken the opportunity to present his position regarding tolling of the limitations period. *See* Docket No. 1.

[6] *See* Docket No. 1 at 2.

by that time, Mr. Patterson would have had until April 23, 1997, in which to file his petition.[7]

"For a prisoner who has already sought direct review of his conviction and who later seeks to bring a new claim challenging that conviction based on newly discovered evidence, the limitations period begins to run when the prisoner could have discovered the new evidence through the exercise of due diligence. ... The limitations period is tolled, however, under § 2244(d)(2) while the prisoner's claim based on newly discovered evidence is pending in state court. Thus, for claims based on newly discovered evidence, the limitations period begins to run when the new evidence should have been discovered through the exercise of due diligence until the prisoner files a petition for state collateral review."[8]

Although we are required to "construe pro se habeas filings liberally,"[9] and "with deference,"[10] however, "pro se representation, on its own is not enough to warrant equitable tolling."[11] This action must be dismissed if Mr. Patterson has not

---

[7] *See Calderon v. U.S. Dist. Court for Central Dist. of Cal.,* 128 F.3d 1282, 1287 (9th Cir. 1997) (the one-year time limit did not begin to run before the statute's date of enactment).

[8] *Redd v. McGrath*, No. 02-16845, 2003 WL 22097863 at *4 (9th Cir. Sept. 11, 2003).

[9] *Allen v. Calderon*, 408 F.3d 1150, 1153 (9th Cir. 2005).

[10] *Belgarde v. State of Montana*, 123 F.3d 1210, 1213 (9th Cir. 1997).

[11] *See, e.g., Johnson v. United States*, 544 U.S. 295, 311 (2005) ([W]e have never accepted pro se representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear

brought the action within the one-year time period, unless there are "extraordinary circumstances" beyond his control, which made it impossible to file his petition on time.[12] "Grounds for equitable tolling under § 2244(d) are 'highly fact-dependent.'"[13]

Mr. Patterson has filed seven post-conviction petitions in the Alaska state courts. In its most recent opinion involving Mr. Patterson, in which the court affirmed the dismissal of Mr. Patterson's seventh application for post-conviction relief, the Alaska Court of Appeals explained:

> On December 6, 2000, we issued an opinion affirming the dismissal of Patterson's sixth application for post-conviction relief.[14] Patterson petitioned for hearing in the supreme court, but before the supreme court ruled on the petition, Patterson filed his seventh application. Superior Court Judge Dan A. Hensley dismissed the seventh application, finding that Patterson had not been diligent in pursuing his newly discovered evidence claim, ruling that the application was successive and untimely,

---

policy calls for prompt action.").

[12] *See Calderon* at 1288-89 (citing, *Alvarez-Machain v. United States*, 107 F.3d 696, 700 (9th Cir.), *cert. denied*, 118 S.Ct. 60 (1997), where equitable tolling of a statute was allowed for "extraordinary circumstances" when, *inter alia*, "Alverez-Machain was [wrongfully] incarcerated for over two years, facing criminal charges of the highest gravity in a foreign country whose language he did not understand"); *see also Corjasso v. Ayers,* 278 F.3d 874, 877 (9th Cir. 2002); *Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir.2000) (en banc) (lack of access to library materials does not <u>automatically</u> qualify as grounds for equitable tolling, but <u>may</u> constitute an impediment).

[13] *Laws v. Lamarque*, 351 F.3d 919, 922 (9th Cir. 2003) (quoting *Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000) (en banc)).

[14] *See Patterson v. State,* 2000 WL 1781744 (Alaska App. December 6, 2000).

and rejecting Patterson's claim that the State violated due process by failing to preserve physical evidence after Patterson was convicted.[15]

Mr. Patterson filed his seventh state court application in 2001, and in 2003, he requested that his DNA be tested. By this time, however, the DNA evidence had been destroyed, so that testing was impossible. The Court noted that "none of Patterson's previous applications raised the issue of DNA testing or the State's preservation of evidence."[16] Mr. Patterson then amended his seventh application, "arguing that the State's failure to preserve the biological evidence for DNA testing violated his due process rights under the U.S. and Alaska constitutions."[17] Mr. Patterson argued that the destruction of biological evidence was "new evidence," which is an exception to the statute of limitations for post-conviction relief.

However, the state court noted, "DNA evidence was well recognized when Patterson filed his sixth application for post-conviction relief in 1997, and, as Judge Hensley found, Patterson could have included his current claims in that application," but did not. "Because Patterson could have raised the DNA issue in a previous application but failed to, this situation also does not present a 'fundamental miscarriage of justice.'"[18] The Court went on to explain that "the biological evidence in this case was destroyed well after Patterson was tried and convicted, [so]

---

[15] *Patterson v. State*, 2006 WL 573797 (Alaska App. March 8, 2006).

[16] *Id.*

[17] *Id.*

[18] *Id.*

Patterson's due process right to a fair trial is not implicated."[19] Although Mr. Patterson argues that he is not responsible for the destruction of the DNA evidence, he has nevertheless shown no such diligence in raising the issue of DNA testing in the first instance.

Mr. Patterson will be allowed to show why his petition should not be denied. In his amended petition, Mr. Patterson must state, specifically, the dates of his judgment of conviction, all final appellate orders and/or decisions regarding his conviction, and any/all **final** orders denying post-conviction relief.  He should explain **whether there are any extraordinary circumstances**, **outside of his control**, which made it impossible to file his petition on time.  In particular, Mr. Patterson must explain **why he failed to raise the issue of DNA evidence in his sixth state petition for post-conviction relief, in 1997**.

Mr. Patterson must specifically state the facts which he believes constitute a legal wrong. He should state the facts in his own words, as if he were **briefly** and **concisely** telling someone what happened.  The facts must specifically allege how Mr. Patterson has been deprived of his federal constitutional and/or statutory rights. He must **avoid stating conclusions**. Mr. Patterson must remember to **sign** his motion, and to file the original and two exact copies with the Court.[20]

---

[19] *Id.*

[20] *See* D. Ak. L R 9.3.

Further, Mr. Patterson should make no reference to the initial petition[21] or other extraneous documents. The Court cannot refer to a prior pleading in order to make the amended pleading complete. The amended motion must be complete in itself without reference to any prior pleading.[22]

**IT IS HEREBY ORDERED:**

1. Mr. Patterson shall amend his petition **on this Court's form** PS03, Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254, on or before **August 24, 2006**, to show that his petition for relief has been filed in a timely manner, or that there is some basis for **equitable tolling** (suspending the limitations period), and to **name his custodian as the respondent**, as explained above, or his petition will be dismissed without further notice.

2. The Clerk of Court shall send Mr. Patterson this Court's form PS03, Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254, with instructions, along with a copy of this Order.

---

[21] In the event Mr. Patterson's claims proceed before the Court on the merits, at the discretion of the Court, he may be given an opportunity to submit a brief on the issues in which he may more thoroughly argue his case.

[22] *See* D. Ak. L R 15.1; *see also Florida Dept. of State v. Treasure Salvors, Inc.*, 458 U.S. 670, 706 n. 2 (1982) ("It is the complaint which defines the nature of an action, and once accepted, an amended complaint replaces the original."); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (as a general rule, an amended complaint supersedes (takes the place of) the original complaint).

3. In the alternative, Mr. Patterson may file the enclosed notice of voluntary dismissal, without prejudice, on or before **August 24, 2006**.

4. The Clerk of Court is directed to send form PS09, Notice of Voluntary Dismissal, to Mr. Patterson with this Order.

5. Mr. Patterson is advised that the Criminal Justice Act, 18 U.S.C. § 3006, *et. seq*, authorizes this Court to appoint an attorney for a habeas petitioner who is financially unable to employ his own attorney; any request for the appointment of counsel at government expense should be accompanied by the Application for Appointment of Counsel and Financial Affidavit included with this Order; the Court will not allow the parties to re-litigate issues merely because a party fails to promptly seek counsel; any request for court-appointed counsel should be made **on the Court forms** on or before **August 24, 2006**. In the alternative, on or before **August 24, 2006**, Mr. Patterson will file a notice of intent to proceed without counsel, and to represent himself.[23]

6. The Clerk of Court shall send Mr. Patterson this Court's form USDCA 40, Application for Appointment of Counsel, a form CJA 23, Financial Affidavit, and a Notice of Intent to Proceed Without Counsel to Mr. Patterson with a copy of this Order.

---

[23] *See* D. Ak. HCR 4.1(a).

7.  Mr. Patterson shall provide the Court with the original, plus one complete and legible copy, of every paper he submits for filing, as required by this Court's Local Rule 10.1(b).

8.  No party shall have any *ex parte* communication (that is, communication without the presence and/or knowledge and consent of the other parties), with a District Court Judge or Magistrate Judge of this Court about the merits of this action.

9.  The Clerk of Court is directed to send a copy of our *pro se* handbook, "Representing Yourself in Alaska's Federal Court, to Mr. Patterson with this Order.

DATED this 26th day of July, 2006, at Anchorage, Alaska.

/s/TIMOTHY M. BURGESS  
United States District Judge