IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

TOMMIE G. PATTERSON,

        Plaintiff,

vs.

ALASKA PAROLE BOARD,

        Defendants.

Case No. 3:06-cv-00167-TMB

ORDER OF DISMISSAL

Tommie G. Patterson, representing himself, filed a habeas petition, challenging his 1982 conviction, which this Court screened as required under Rule 4 of the Rules Governing Section 2254 Cases.[1]  It appeared that Mr. Patterson procedurally defaulted on his right to bring his claim regarding DNA evidence in state court, and all other grounds were filed substantially outside of the limitations period.[2]

The Supreme Court has explained that in order to present otherwise procedurally barred claims to a federal habeas court, a petitioner must come forward

---

[1]  *See* Docket Nos. 1, 2.

[2]  *See id.*

T:\patterson dismiss.wpd

with sufficient proof of his actual innocence to bring him "within 'the narrow class of cases ... implicating a fundamental miscarriage of justice.'"[3]  A habeas petitioner who fails to exercise **due diligence** in bringing forth evidence of actual innocence, however, cannot take advantage of the actual innocence gateway[4] to excuse a procedural default.[5]  Although Mr. Patterson argues that he is not responsible for the destruction of the DNA evidence, he nevertheless showed no such diligence in raising the issue of DNA testing in the first instance.

The Court permitted Mr. Patterson to amend his petition in order to show extraordinary circumstances which delayed the filing of his action, and to show that he exercised due diligence in bringing forth evidence of actual innocence.[6]  Mr. Patterson's amended petition, however, contains the same problems as that in his initial petition, as explained in this Court's Order to Show Cause.[7]  For the reasons explained in that Order, this action must be dismissed.

---

[3]  *Schlup v. Delo*, 513 U.S. at 314-15, quoting *McCleskey v. Zant*, 499 U.S. 467, 494 (1991).

[4]  *See Schlup v. Delo*, 513 U.S. at 327 (with the new evidence, "it is more likely than not that no reasonable juror would have found Petitioner guilty").

[5]  *See Van Buskirk v. Baldwin*, 265 F.3d 1080, 1084 (9th Cir. 2001) (petitioner must satisfy *Schlup*'s threshold for asserting an "actual innocence" claim before it is necessary to reach the question of due diligence); 28 U.S.C. § 2254(e)(2).

[6]  *See* Docket Nos. 2, 5, 6.

[7]  *See* Docket No. 7.

The Court is of the view that the issue of a certificate of appealability should be addressed now rather than after Mr. Patterson's claims and the issues they present fade with memory. Accordingly, given that reasonable jurists could not differ on the issue(s) presented by Mr. Patterson, the Court will **DENY** a certificate of appealability.[8]   If Mr. Patterson wishes to appeal this Order, he must obtain a certificate of appealability from a motions panel of the Ninth Circuit Court of Appeals.[9]   Mr. Patterson is cautioned that he must file his motion for a certificate of appealability with the Ninth Circuit, along with a statement of reasons why a certificate should issue, within **thirty-five (35)** days of the entry of this Order.[10]

---

[8]   *See Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003) (outlining certificate of appealability standard, quoting 28 U.S.C. § 2253(c)(2), and stating: "Consistent with our prior precedent and the text of the habeas corpus statute, we reiterate that a prisoner seeking a COA need only demonstrate 'a substantial showing of the denial of a constitutional right. ... A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."); *Beardslee v. Brown*, 393 F. 3d 899. 901-02 (9th Cir. 2004) ("In order to obtain a COA, the petitioner must show only that reasonable jurists could debate whether the petition should have been resolved differently or that the issues presented deserve encouragement to proceed further. ... The COA ruling is not, however, an 'adjudication of the actual merits' of petitioner's claim."), quoting *Miller-El*.

[9]   Ninth Circuit Rule 22-1(c).

[10]   *Id.*

**Therefore, IT IS HEREBY ORDERED that:**

This action is dismissed with prejudice.[11]


DATED this 10th day of October, 2006,  at Anchorage, Alaska.


/s/TIMOTHY  M.  BURGESS
United States District Judge

---

[11]  *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (dismissal, with prejudice, upheld after "weigh[ing] the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits").