Case 3:06-cv-00167-TMB   Document 10-2   Filed 10/17/2006   Page 1 of 1
Case 3:06-cv-00167-TMB-JDR   Document 2-1   Filed 07/26/2006   Page 1 of 9

Exhibit 1

RECEIVED

OCT 17 2006

CLERK, U.S. DISTRICT COURT
ANCHORAGE, ALASKA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| TOMMIE G. PATTERSON,<br><br>Petitioner,<br><br>vs.<br><br>STATE OF ALASKA,[1]<br><br>Respondent. | Case No. 3:06-cv-00167-TMB<br><br><u>ORDER TO SHOW CAUSE</u> |

On July 11, 2006, Tommie G. Patterson, a state prisoner representing himself,

filed a petition for habeas corpus, under 28 U.S.C. § 2254, alleging that the State of

---

[1] The **State of Alaska is not a proper respondent** in a petition under 28 U.S.C. § 2254. "Consistent with 28 U.S.C. § 2242, the rules governing relief under section 2254 require [the petitioner] to name the 'state officer having custody' of him as the respondent. ... Typically, this person is 'the warden of the facility in which the petitioner is incarcerated.'" *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996) (citation omitted). Thus, Mr. Patterson must name his custodian as the respondent, or the petition must be dismissed, because "[f]ailure to name the petitioner's custodian as a respondent deprives federal courts of personal jurisdiction." *Allen v. Oregon*, 153 F.3d 1046, 1050 (9th Cir. 1998) & *Belgarde v. Montana*, 123 F.3d 1210, 1212 (9th Cir. 1997), both quoting *Stanley v. Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994) (the court must "dismiss for lack of jurisdiction unless [the petitioner] can timely amend his petition to name the correct party as respondent").

C:\Documents and Settings\patty\Local Settings\TempNotesF8C1A4\patterson sc.wpd