IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| TOMMIE G. PATTERSON,<br><br>　　　　Petitioner,<br><br>vs.<br><br>ALASKA PAROLE BOARD,<br><br>　　　　Respondent. | Case No. 3:06-cv-00167-TMB<br><br><u>DENIAL OF RECONSIDERATION</u> |

　　　　Tommie G. Patterson, representing himself, filed a habeas petition, challenging his 1982 conviction, which this Court screened as required under Rule 4 of the Rules Governing Section 2254 Cases.[1] It appeared that Mr. Patterson procedurally defaulted on his right to bring his claim regarding DNA evidence in state court, and all other grounds were filed substantially outside of the limitations period.[2]

　　　　The Supreme Court has explained that in order to present otherwise procedurally barred claims to a federal habeas court, a petitioner must come forward

---

[1] *See* Docket Nos. 1, 2.

[2] *See id.*

with sufficient proof of his actual innocence to bring him "within 'the narrow class of cases ... implicating a fundamental miscarriage of justice.'"[3] A habeas petitioner who fails to exercise **due diligence** in bringing forth evidence of actual innocence, however, cannot take advantage of the actual innocence gateway[4] to excuse a procedural default.[5] Although Mr. Patterson argued that he was not responsible for the destruction of the DNA evidence, he nevertheless showed no such diligence in raising the issue of DNA testing during all of the years before the evidence was destroyed.[6]

The Court permitted Mr. Patterson to amend his petition in order to show extraordinary circumstances which delayed the filing of his action, and to show that he exercised due diligence in bringing forth evidence of actual innocence.[7] Mr. Patterson's amended petition, however, contained the same problems as that in his

---

[3] *Schlup v. Delo*, 513 U.S. at 314-15, quoting *McCleskey v. Zant*, 499 U.S. 467, 494 (1991).

[4] *See Schlup v. Delo*, 513 U.S. at 327 (with the new evidence, "it is more likely than not that no reasonable juror would have found Petitioner guilty").

[5] *See Van Buskirk v. Baldwin*, 265 F.3d 1080, 1084 (9th Cir. 2001) (petitioner must satisfy *Schlup*'s threshold for asserting an "actual innocence" claim before it is necessary to reach the question of due diligence); 28 U.S.C. § 2254(e)(2).

[6] *See* Docket Nos. 2, 8.

[7] *See* Docket Nos. 2, 5, 6.

initial petition, as explained in this Court's Order to Show Cause.[8]  For the reasons explained in that Order, his action was dismissed.[9]

Mr. Patterson has moved for reconsideration of the dismissal, complaining that he wasn't granted counsel as requested.[10]  This Court, however, only grants counsel in cases that can move forward in this Court, in some fashion, with legal assistance.  The question asked of Mr. Patterson, that is, why he delayed in requesting DNA testing, rather than using due diligence, has never been satisfactorily answered.  That is a question which can be answered by a self-represented litigant, using facts, and does not require legal expertise.  The attachments to Mr. Patterson's motion for reconsideration, furthermore, are unpersuasive, because they speak to situations in which DNA can be tested to prove innocence.  In Mr. Patterson's case, he delayed seeking DNA testing for so long that the evidence is no longer available.

**Therefore, IT IS HEREBY ORDERED that:**

Mr. Patterson's motion for reconsideration, at docket number 10,  is DENIED.

DATED this 25th day of October, 2006,  at Anchorage, Alaska.

/s/TIMOTHY  M.  BURGESS
United States District Judge

---

[8]  *See* Docket No. 7.

[9]  *See* Docket Nos. 8, 9.

[10]  *See* Docket No. 10.